# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL CANNON,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT BOWMAN, *et al.*,<br><br>    Defendants. | Case ED CV 17-01202 TJH (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On June 19, 2017, plaintiff, a federal prisoner currently confined at the Northeast Ohio Correctional Center in Youngstown, Ohio, filed a *pro se* civil rights action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claims arise from events that took place in August 2014 when money was stolen from a safe at plaintiff's residence in San Bernardino, California. (ECF No. 1 at 5.) Plaintiff names as defendants Scott Bowman, who at that time was employed as a "Senior Most Veteran Agent" of the Federal Bureau of Investigations ("FBI"), and three "Doe" defendants identified as being employed either by the FBI or by an unidentified "local police agency." (*Id.* at 2.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 6.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995

("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-68 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Finally, in determining whether the pleading states a claim on which relief may be granted, allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.**[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as

3

**DISCUSSION**

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v.*

---

dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

*Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Plaintiff purports to bring a federal civil rights action against defendant Bowman and three "Doe" defendants arising from the theft of plaintiff's property. Plaintiff alleges that, "during a search of plaintiff's residence, defendant Bowman, [sic] did steal at least $219,000 . . . from plaintiff out of plaintiff's safe." Plaintiff claims that "defendant Bowman was charged and ultimately convicted in Federal Court" of multiple counts under various federal statutes, none of which clearly pertain to the money that plaintiff alleges was stolen from his safe. (ECF No. 1 at 3-4.) Plaintiff received a copy of transcripts from a hearing at which defendant Bowman pleaded guilty to the charges against him, and Bowman "implicated at least three other unamed [sic] members of the Task Force" in the theft from plaintiff. (*Id.* at 4.) Plaintiff claims that the theft of plaintiff's property by Bowman and the three "Doe" defendants named in this action constituted "an improper seizure of property in violation of plaintiff's Fourth Amendment rights." (*Id.*) Plaintiff's Complaint, however, sets forth no factual allegations showing that the removal of the money from plaintiff's safe was unreasonable. The Fourth Amendment protects against *unreasonable* searches and seizures. The removal of personal property may constitute a "seizure" within the meaning of the Fourth Amendment. *See, e.g., Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012) ("the Fourth Amendment protects against unreasonable interferences in property interests"); *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). However, plaintiff's entirely conclusory allegation that the theft of money from his safe under unspecified circumstances constituted an unreasonable seizure pursuant to the Fourth Amendment is insufficient to meet his burden of alleging a minimum factual and legal basis for each claim that is sufficient to give each

defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

Similarly, plaintiff's clam that the theft of money constituted a deprivation of plaintiff's property interest in violation of the Fifth Amendment is unsupported by any factual allegations. (*Id.* at 5.) The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "private property" may not be "taken for public use without just compensation." *See, e.g., Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160 (1980). The Takings Clause, however, only "requires compensation in the event of otherwise proper interference amounting to a taking." *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 543 (2005) (internal quotation marks omitted). If a government action is "impermissible," then the Takings Clause is not implicated. *See, e.g., Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007). Here, to the extent that the Complaint contains any factual allegations, plaintiff alleges that his money was stolen, and that defendant Bowman pleaded guilty to criminal charges in connection with the theft of plaintiff's money. (ECF No. 1 at 3-4.) Accordingly, it does not appear that the factual allegations in the Complaint give rise to any claim under the Fifth Amendment.

Plaintiff's claim that the four defendants conspired to violate plaintiff's Fourth and Fifth Amendment rights (*id.* at 5) also is devoid of any supporting factual allegations. The Ninth Circuit has held:

> A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement. To be liable, each participant in the conspiracy need not know the exact

> details of the plan, but each participant must at least share the common objective of the conspiracy.

*Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (internal quotation marks omitted). Here, as in *Lacey*, plaintiff's "conclusory conspiracy allegations in the [Complaint] do not define the scope of any conspiracy involving [each defendant], what role he had, or when or how the conspiracy operated." 693 F.3d at 937. The Supreme Court has made clear that plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, plaintiff's allegations in the Complaint are insufficient to state a claim for conspiracy against any defendant.

Further, to the extent that plaintiff intends to raise any federal civil rights claim against any defendant, plaintiff must set forth a short and plain statement showing that each named defendant took a specific action, participated in another's action, or omitted to perform an action that caused the alleged constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Here, plaintiff's Complaint merely alleges that defendant Bowman was convicted on multiple federal charges in connection with a theft of money from plaintiff's safe. Plaintiff sets forth no factual allegations showing that any defendant took any action that violated plaintiff's federal civil rights.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal and factual basis of each of plaintiff's civil rights claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt. *See Hebbe*, 627 F.3d at 342; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8 and fails to state a claim upon which relief may be granted.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days from the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action in the Central District of California, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 8/11/2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE